UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

MICHELLE FREEMAN, Individually and on behalf of others similarly situated,

                Plaintiff,

vs.

GENERAL REVENUE CORPORATION, an Ohio corporation,

                Defendant.

---------------------------------------x

CASE NO.: 1:12-cv-01406-RER

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the Parties' Joint Motion for Preliminary Approval of their Class Settlement Agreement, hereby grants preliminary approval to the Class Action Settlement Agreement ("Agreement") between Plaintiff, MICHELLE FREEMAN ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, GENERAL REVENUE CORPORATION ("Defendant" or "GENERAL REVENUE"). Unless otherwise noted, defined terms are used herein as stated in the Agreement.

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes only, the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Class;

    D.    Plaintiff is an appropriate and adequate representative for the Settlement Class;

    E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F. A class action is superior to other methods for fairly and efficiently settling this controversy;

G. With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Abraham Kleinman, Andrew T. Thomasson, and William F. Horn, will fairly and adequately represent the interests of the Settlement Class;

H. With respect to the proposed Agreement, after consideration of the Agreement, which is attached as *Exhibit A* to the Motion for Preliminary Approval of the Settlement, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable and adequate.

**IT IS HEREBY ORDERED:**

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the Settlement Class as all persons who are shown in GENERAL REVENUE'S records as having been sent a letter in the form of Exhibits A and B to Plaintiff's complaint during a period beginning on March 22, 2011, and ending on April 11, 2012.

    (b) defines the "Class Claims" as those claims arising from Defendant's collection letters attached as Exhibits A and B to Plaintiff's complaint in this action;

    (c) appoints Plaintiff as the Class Representative; and

    (d) appoints Plaintiff's counsel, Abraham Kleinman, Andrew T. Thomasson, and William F. Horn as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the persons in the Settlement Class as shown in Defendant's records. Defendant will cause the Class Notice to be mailed on or before _____February 21_____, 2014. Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court orders that the Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall promptly cause to be forwarded any such returned notice to the address provided. Neither the Settlement Administrator, nor Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable. The Court finds that mailing of the Class Notice as described satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Persons in the Settlement Class shall have until _____March 21_____, 2014 ~~(the first business day after the 45th day after the initial mailing of the Class Notice)~~ to exclude themselves from or object to the proposed settlement. Any persons desiring to exclude themselves from the action must serve copies of the request on Class Counsel and Defendant's counsel by that date, with such addresses to be included in the Notice distributed to them. Any persons in the Settlement Class who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on Class Counsel and Defendant's

3

counsel by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by ___March 21___, 2014.

5. In order to receive a portion of the cash payment under the Agreement, the Settlement Class Members must complete, return to the Settlement Administrator, and postmark a claim form by ___March 21___, 2014 ~~(the first business day after the 45th day after the initial mailing of the class notice)~~. The claim form will be sent with the Class Notice.

6. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

7. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on ___May 8___, 2014 at _10:30_ (a.m.)/ p.m.

8. In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be

4

Case 1:12-cv-01406-RER   Document 23-5   Filed 01/22/14   Page 5 of 6 PageID #: 177

used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of GENERAL REVENUE for the matters alleged in the action or for any other purpose;

(c) Nothing contained in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against GENERAL REVENUE or Plaintiff on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, GENERAL REVENUE's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

9. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the Agreement. Pending final determination of whether the Agreement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf, are enjoined from commencing or

5

Case 1:12-cv-01406-RER Document 23-5 Filed 01/22/14 Page 6 of 6 PageID #: 176
Case 1:12-cv-01406-RER Document 24 Filed 01/28/14 Page 6 of 6 PageID #: 185

prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the claims released in the Agreement.

**IT IS SO ORDERED:**

_____
HONORABLE RAMON E. REYES, JR.
Magistrate Judge, United States District Court

Dated: January 28, 2014