UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x

MICHELLE FREEMAN, Individually and on behalf of others similarly situated,

                Plaintiff,

vs.

GENERAL REVENUE CORPORATION, an Ohio corporation,

                Defendant.

---------------------------------------------x

CASE NO.: 1:12-cv-01406-___-RER

**FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Action Settlement Agreement ("Agreement") between Plaintiff, Michele Freeman ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, GENERAL REVENUE CORPORATION ("Defendant" or "GENERAL REVENUE"; together with Plaintiff, the "Parties"), the Court makes the following orders and findings. Unless otherwise noted, defined terms are used as stated in the Agreement.

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendant.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who are shown in GENERAL REVENUE'S records as having been sent a letter in the form of Exhibits A and B to Plaintiff's complaint during a period beginning on March 22, 2011, and ending on April 11, 2012.

3. Based on the Parties' stipulations, which are made only for purposes of settlement: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual

Settlement Class Members, and included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by sending collection letters in the form of Exhibits A and B to Plaintiff's complaint in this action, (C) the claim of Plaintiff is typical of the Settlement Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Abraham Kleinman, Andrew T. Thomasson, and William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to the 1,771 Settlement Class Members by Rust Consulting, Inc. (the "Settlement Administrator"). A total of 179 envelopes were returned by the United States Postal Service, 3 of which were returned with forwarding addresses and re-mailed. No Settlement Class Members requested exclusion, and no objections were filed or received. A total of 178 claim forms have been received, 4 of which were untimely, and 3 of which were either not properly signed or completed by someone other than the known class member and have not yet been corrected. The parties recommend and, therefore, the Court accepts all untimely and corrected claim forms that are received prior to the date of disbursement set forth in the Agreement.

5. On May 8, 2013, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. No Settlement Class Members appeared at the fairness hearing and no objections have been received by the Court or the Parties.

6. The Court finds that provisions for notice to the Settlement Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the Agreement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties. Pursuant to the Agreement, Defendant shall make the following payments:

(a) Defendant will create a class settlement fund of $25,000.00 ("Class Recovery"), which the Settlement Administrator will distribute *pro rata* among Settlement Class Members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void after sixty (60) days from the date of issuance.

(b) Defendant shall pay Plaintiff $2,500.00.

(c) Class Counsel will receive attorneys' fees and costs in the amount of $35,000.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class Members.

(d) 75% (seventy five percent) of the total of any checks that have not been cashed by the Void Date, along with any unclaimed funds remaining in the Class Recovery, will be donated to Neighborhood Trust Financial Partners as a *cy pres* award. The remaining 25% (twenty five percent) will be paid to Defendant.

8. The releases under the Agreement are as follows:

(a) Plaintiff, MICHELLE FREEMAN, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively, "Releasors"), releases and discharges Defendant as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

(b) Each Settlement Class Member releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of

attorneys' fees and costs arising out of or related to Defendant's collection letters that are attached as Exhibits A and B to Plaintiff's complaint in this action (see Exhibit 1 to the Agreement).

(c) IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense that Plaintiff and each Settlement Class Member may have on the underlying debts which Defendant was attempting to collect with respect to: (1) whether the underlying debt is in fact owed (with the exception of the collection costs challenged in this Litigation), (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d) IT IS EXPRESSLY STATED that Defendant does **NOT** release its claims, if any, against Plaintiff or any Settlement Class Member for the payment of their debts. The underlying debts Defendant sought to collect are unaffected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class members' checks, 75% (seventy five percent) of the total of any checks that have not been cashed by the Void Date, along with any unclaimed funds remaining in the Class Recovery, will be paid by the Settlement Administrator to Neighborhood Trust Financial Partners, 1112 St. Nicholas Avenue, New York, NY 10032 as a *cy pres* award. The remaining 25% (twenty five percent) will be returned to GRC.

11. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

12. The Settlement Administrator, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

13. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

14. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
HONORABLE RAMON E. REYES, JR.
Magistrate Judge, United States District Court

Dated: 5/8/14
